[Cite as *Delta Fuels, Inc. v. Ohio Dept. of Transp. v. Knight Ents., Inc.*, 2015-Ohio-5552.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DELTA FUELS, INC.

       Plaintiff/Counter Defendant

       v.

OHIO DEPARTMENT OF TRANSPORTATION

       Defendant/Counter Plaintiff

       v.

KNIGHT ENTERPRISES, INC., et al.

       Counter Defendants

Case No. 2006-03265

Judge Dale A. Crawford

DECISION

{¶1} This cause comes to be heard on a Complaint by Plaintiff/Counter Defendant, Delta Fuels, Inc. (Delta Fuels), alleging negligent design, negligent construction, and negligent placement of a fire suppression line during construction activities near its petroleum terminal facility in Toledo, Ohio. Delta Fuels also alleges breach of contract and breach of implied warranties. Pursuant to a jury demand by Defendant/Counter Plaintiff, Ohio Department of Transportation (ODOT), for their counterclaim against Delta Fuels, Knight Enterprises, Inc., and Carroll Knight, a jury trial proceeded from November 10-19, 2014. Concomitantly, Delta Fuels' claim against ODOT was tried before this Court.

{¶2} Pursuant to R.C. 2743.12, the following constitutes the Court's Findings of Fact and Conclusions of Law. This case arises from a spill of approximately 103,000 gallons of gas out of an above-ground storage tank on Delta Fuels' petroleum terminal facility on November 25, 2005. At the time of the spill, construction of the Maumee

River Bridge Project (Project) was occurring. Prior to construction, ODOT unsuccessfully attempted to purchase land from Delta Fuels for the Project. Eventually, ODOT initiated eminent domain proceedings to appropriate the land. The proceedings were settled on July 30, 2004, through a judgment in the Lucas County Court of Common Pleas (Lucas County). Prior to the settlement, an Access Agreement was entered into between the parties which allowed ODOT access to Delta Fuels' property. The portion of property that ODOT needed for the Project required modification of the secondary containment system and the adjacent infrastructure. As part of the Project, ODOT replaced the secondary containment system's dike and placed a fire suppression water line adjacent to the containment system. The completion of this work was conducted by ODOT and its contractors. Delta Fuels does not allege that ODOT was negligent in causing the spill but rather alleges that ODOT's construction on the property weakened the secondary containment system and caused the spill to leave Delta Fuels' property.

{¶3} In addition to its case against ODOT, Delta Fuels filed a connected action in Lucas County against (1) Consolidated Environmental Services, Inc. (CES); (2) Enbridge Pipelines (Toledo), Inc.; (3) E.S. Wagner Company; (4) Fru-Con Construction Corporation; (5) Fru-Con Engineering, Inc.; (6) HNTB Corporation; (7) HNTB Ohio, Inc.; (8) The Mannik and Smith Group, Inc.; (9) Wolverine Pipe Line Company; and (10) DLZ Ohio, Inc. (DLZ). Prior to the trial in this Court, the claims against all of the parties in the connected action had been disposed of other than the case against DLZ, an engineering firm contracted to do work for ODOT on the Project. The case against DLZ proceeded to trial in Lucas County from October 14-30, 2014. The interrogatories provided to the jury were stipulated by the parties, and inquired, in pertinent part, as follows:

{¶4} "11) Having found, by a preponderance of the evidence, that CES and/or Steven Peach breached a duty of care owed to Delta Fuels that directly and proximately

resulted in the damages claimed by Delta Fuels and that Delta Fuels is liable for this negligence under the non-delegable duty doctrine or based upon respondeat superior liability, state the percentage(s) of negligence that directly and proximately caused the damages claimed by Delta Fuels.

{¶5} "[. . .]

{¶6} "Percentage of total negligence attributable to DLZ:   60%

{¶7} "Percentage of total negligence attributable to Delta Fuels (including the total negligence committed by CES and/or Steven Peach):   40%

{¶8} "12)  State the total amount of damages you find will fairly and reasonably compensate Delta Fuels due to the escape of fuel onto ODOT's property."

{¶9} The jury in the connected action returned a judgment for Delta Fuels in the amount of $2,100,000.   The verdict apportioned sixty percent of the damages to DLZ for a total of $1,260,000.

{¶10} Based upon the interrogatories and the jury verdict in the connected action, ODOT filed a pretrial brief arguing, and also argued at trial, that Delta Fuels was estopped from being awarded damages.   ODOT argued that pursuant to the test set forth in *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 1994-Ohio-358, 637 N.E.2d 917, issues cannot be re-litigated when they were (1) actually and directly litigated in a previous action; (2) considered and determined by a court of competent jurisdiction; and (3) when the parties are the same as in, or are privies with a party to, the prior action.   While this Court agrees with ODOT's arguments that Delta Fuels is estopped from re-litigating the damages issue, because the Court finds that there was no negligence on the part of ODOT, the issue is moot.

{¶11} At the close of Delta Fuels' case, ODOT moved for a directed verdict, which was taken under advisement and overruled at the conclusion of the trial.   At the conclusion of the trial, ODOT also waived all of its causes of action in the case against Delta Fuels, et al., other than its negligence claim.   Evidence was then submitted and

the jury was instructed about the issues that were to be decided by it. Specifically, the jury was told that ODOT must prove by a preponderance of the evidence that (1) Delta Fuels was negligent; (2) Delta Fuels' negligence was a proximate cause of ODOT's damages; and (3) ODOT incurred damages as a proximate cause of Delta Fuels' negligence. If the jury found the foregoing to be true, it could then award damages to a maximum of $660,950.91. The jury was also instructed on comparative negligence and punitive damages. To assist with their deliberation, the jury was provided the evidence only pertaining to damages incurred by ODOT. After its deliberation, the jury returned a verdict in favor of Delta Fuels, answering "no" to interrogatory one: "Was Delta Fuels negligent in failing to contain their spill on their property?" The jury instructions and the interrogatories submitted to the jury were not objected to.

{¶12} Prior to the jury verdict, the Court made its findings on the record. The Court found that (1) Delta Fuels failed to prove by a preponderance of the evidence that ODOT was negligent in the design or construction of the Project; (2) one hundred percent of the damages suffered was caused by Delta Fuels' negligence in failing to contain the fuel on its own property; (3) ODOT had no duty to Delta Fuels to construct the Project so as to not damage the secondary containment system; (4) any negligence in the design or construction of the Project was not the proximate cause of the spill that left Delta Fuels' property because the spill would have left the property regardless of the construction; (5) Delta Fuels failed to prove damages to a reasonable degree of certainty and the Court would have to speculate as to the amount of Delta Fuels' damages; (6) Delta Fuels is precluded from recovering any damages from ODOT for the actions of ODOT's contractors and subcontractors because those damages were already recovered in the connected action; and (7) Delta Fuels cannot recover for the possible breach of contract regarding the number of fire hydrants placed on the fire suppression line because the damages that resulted from the breach were not proven and any damages would have been settled through the eminent domain action.

{¶13} The Court made its findings based on the testimony of both Delta Fuels' experts as well as ODOT's experts who testified that the spill was subsurface, not through or over the dike, and that the fuel would have left the property regardless of the construction on the Project and any of the changes made to the location of the fire suppression line.  Dr. James Kilburg, a geologist and Delta Fuels' own expert witness, even testified that "neither the installation nor removal of the State of Ohio water line adversely impacted the dike on the eastern side or the secondary containment system." Deposition of James Kilburg at p. 36, lines 18 – p. 37, line 2.  The issue remaining was how much more fuel, if any, left the property because of the Project.  None of the experts presented by Delta Fuels could answer this question to a reasonable degree of certainty.  Furthermore, the Court finds that while other civil engineers would have or could have put the water line in another position, this fact alone does not indicate that ODOT's engineers were negligent in the placement of the line.  With regard to duty, the Court finds there is no duty to an adjoining land owner to consider the potential exacerbation of a spill during construction on its own property.

{¶14} Concerning Delta Fuels' claims of breach of contract and breach of implied warranties, the Court finds that although ODOT may have breached the contract with regard to the number of fire hydrants that needed to be installed, this alleged breach was not a proximate cause to any of the damages incurred by Delta Fuels. Furthermore, Delta Fuels did not provide any evidence regarding the extent of damages caused by ODOT failing to install the proper number of fire hydrants, and the Court will not speculate as to the damages.  Lastly, there has been an accord and satisfaction of any breach of contract or implied warranty claim through the eminent domain proceedings.  Pursuant to the Judgment Entry on Settlement in the appropriations case, Delta Fuels was compensated for the easement and agreed to "release any and all claims for further compensation (including interest), resulting from the construction and improvement of Interstate Route 280, Section 2.96, Lucas County, Ohio and from

the appropriation of said property." ODOT's Exhibit C. Therefore, Delta Fuels has already received compensation for the easement and released ODOT from any claims related to the contract for the construction and improvement on Delta Fuels' land.

{¶15} Based on the foregoing, the Court finds that Delta Fuels has failed to prove that ODOT was negligent in its construction of the Project. ODOT had the right to use its appropriated land for its own purposes and did not have a duty to Delta Fuels as the adjoining landowner to consider the potential effects that those activities would have had on Delta Fuels' land. Finding no duty, there can be no breach of duty. Furthermore, Delta Fuels has failed to prove that any alleged breach of duty was a proximate cause to its damages. Lastly, Delta Fuels did not and could not show the amount of damages that could be allocated to ODOT for either its negligence claims or its breach of contract claims. Accordingly, judgment shall be rendered in favor of ODOT.

_____
DALE A. CRAWFORD
Judge

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DELTA FUELS, INC.

       Plaintiff/Counter Defendant

       v.

OHIO DEPARTMENT OF TRANSPORTATION

       Defendant/Counter Plaintiff

       v.

KNIGHT ENTERPRISES, INC., et al.

       Counter Defendants

Case No. 2006-03265

Judge Dale A. Crawford

JUDGMENT ENTRY

{¶16} Plaintiff/Counter Defendant Delta Fuels, Inc.'s (Delta Fuels) case against Defendant/Counter Plaintiff Ohio Department of Transportation (ODOT) was tried to the Court on the issues of liability and damages. The Court has considered the evidence and, for the reasons set forth in the decision filed concurrently herewith, judgment is rendered in favor of ODOT. Court costs associated with this case are assessed against Delta Fuels. ODOT's counterclaim against Counter Defendants Delta Fuels,

Knight Enterprises, Inc., and Carroll Knight (Delta Fuels, et al.) was tried before the jury on the issues of liability and damages.  The jury rendered a verdict in favor of Delta Fuels, et al.   Accordingly, court costs associated with the jury trial are assessed against ODOT.

{¶17} The Clerk shall serve upon all Parties notice of this judgment and its date of entry upon the journal.

_____
DALE A. CRAWFORD
Judge

cc:

Ben M. Gonek
500 Griswold Street, Suite 3500
Detroit, Michigan 48226

Craig D. Barclay
Jeffrey L. Maloon
William C. Becker
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Daniel J. Kelly
101 West Big Beaver Road, 10th Floor
Troy, Michigan 48084

Martin J. McManus
303 Bell Building
709 Madison Avenue
Toledo, Ohio 43624

**Filed December 12, 2014**
**Sent to S.C. Reporter 12/31/15**